In re WHITE.

(District Court, D. Vermont. May 12, 1900.)

BANKRUPTCY—EXEMPTIONS—AUTHORITY OF COURT TO SET APART.

While it is the duty of the trustee, under Bankr. Act 1898, to set apart the homestead exemption of the bankrupt, his action is not final, but the courts of bankruptcy are expressly given jurisdiction, by section 2, subd. 11, to determine all claims to exemptions; nor does rule 17 of the general orders (89 Fed. viii., 32 C. C. A. xix.), allowing 20 days for exceptions to the setting apart, apply to the bankrupt, who may petition the court in relation to his claim to exemption at any time while the property is still unadministered.

In Bankruptcy. On review of order dismissing petition for setting apart homestead exemption.

Frank Stowe, for bankrupt.

Kittridge Haskins, for trustee.

WHEELER, District Judge. This is a review of the dismissal of a petition of the bankrupt for a further setting apart of his homestead. The trustee is required to set apart the exemptions in the first instance, and to report the items and estimated value, but his action is not final. By section 2 of the act the courts of bankruptcy are expressly given jurisdiction to "(11) determine all claims of bankrupts to their exemptions." The provision of rule 17 of the general orders (89 Fed. viii., 32 C. C. A. xix.), allowing 20 days for exceptions to the setting apart, applies only to creditors, and not to

the bankrupt. Determination of claims to exemptions by the court is left without limitations, except such as the progress of the settlement of the estate, by disposition of property left, or otherwise, might impose. Nothing of this kind appears, and the petition must be retained. The just values, respectively, of the whole homestead premises,—of the part set out and of the part remaining,—are necessary to be known, for a proper determination of this claim, and these are proper subjects of special reference, which is made. Petition restored, and specially referred to referee for report of just values in the premises.